**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6036

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM WELLINGTON HOOPER, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  David J. Novak, District Judge.  (4:20-cr-00018-DJN-DEM-1)

Submitted:  March 20, 2025                          Decided:  November 3, 2025

Before GREGORY, RICHARDSON, and BERNER, Circuit Judges.

Affirmed in part, vacated and remanded in part by unpublished per curiam opinion.  Judge Richardson dissents.

William Wellington Hooper, Jr., Appellant Pro Se.  Alyson Cox Yates, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2020, a federal jury convicted William Wellington Hooper, Jr., of conspiracy to produce child sexual abuse material, production of child sexual abuse material, and two counts of coercion and enticement of a minor to engage in illicit sexual conduct, in violation of 18 U.S.C. §§ 2251(a), (e), 2422(b).[1] The district court sentenced Hooper to life imprisonment. We affirmed the judgment. *United States v. Hooper*, No. 21-4220, 2022 WL 1184181 (4th Cir. Apr. 21, 2022).

Here, Hooper appeals the district court's order (1) denying his motion to compel former counsel to produce his case files, and (2) denying his motion to stay its order requiring trial counsel to provide an affidavit in response to Hooper's ineffective assistance of counsel claims in his 28 U.S.C. § 2255 motion. We affirm in part and vacate and remand in part.

First, we consider Hooper's challenge to the district court's denial of his motion to compel. We review for abuse of discretion the denial of a motion to compel. *See Horne v. WTVR, LLC*, 893 F.3d 201, 212 (4th Cir. 2018). The Virginia Rules of Professional Conduct provide that "transcripts, pleadings and discovery responses; working and final drafts of legal instruments, official documents, investigative reports, legal memoranda, and other attorney work product documents prepared or collected for the client in the course of the representation" should be returned to a former client upon request. Va. R. of Pro.

---

[1] We use the term "child sexual abuse material" rather than "child pornography" to "reflect more accurately the abusive and exploitative nature of child pornography." *United States v. Kuehner*, 126 F.4th 319, 322 n.1 (4th Cir. 2025).

2

Conduct 1.16(e); *see also United States v. Basham*, 789 F.3d 358, 388 (4th Cir. 2015) (reviewing legal authority requiring counsel to deliver client's files upon termination of representation). Since filing his appeal, Hooper has stated in a recent filing that his trial counsel, John Rockecharlie, complied with Hooper's request to return his case file. Hooper also, however, requests his case file from his appellate counsel, Mark Diamond. Thus, because Hooper's former appellate counsel, Diamond, is obligated to return the case file to Hooper, we conclude that the district court misapprehended the applicable legal principles and thus abused its discretion in denying Hooper's motion to compel as to Diamond.

Next, we consider whether the district court erred in denying Hooper's motion to stay. A waiver of the attorney-client privilege occurs in a federal proceeding when "(1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Evid. 502. Here, Hooper has waived his privilege in filing an ineffective counsel claim against his former counsel as part of a 28 U.S.C. § 2255 motion. Thus, the district court did not abuse its discretion in denying Hooper's motion to stay the court's order directing former counsel to provide an affidavit that addressed Hooper's claims of ineffective counsel.

3

We therefore affirm the court's denial of Hooper's motion to stay.  We vacate the order denying Hooper's request for an order requiring Diamond to turn over Hooper's case files, and remand for further proceedings.[2]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED AND REMANDED IN PART*[3]

---

[2] Because Hooper's filings with the district court reflect that he has received his file from Rockecharlie, we need not consider that claim further.

[3] Judge Richardson respectfully dissents and would dismiss the appeal for lack of appellate jurisdiction.